# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Respondent,

v.

CHRIS ROBERT MORTENSON,

Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

DIVISION ONE

No. 68812-0-I

UNPUBLISHED OPINION

FILED: March 31, 2014

DWYER, J. — Chris Mortenson's first trial on charges of felony driving under the influence of intoxicants (DUI) and attempting to elude a pursuing police vehicle ended in a mistrial. Prior to both the first and second trials, Mortenson's counsel went to great lengths to arrange a procedure whereby Mortenson could stipulate to an element of the DUI charge (that he had four prior DUI convictions) without directly informing the jury of that highly prejudicial fact. After a series of rulings, the judge who presided over the first trial allowed Mortenson to enter into a stipulation that he had four prior convictions for violation of RCW 46.61.5055, a reference to the DUI sentencing statute. In this way, the court intended to allow Mortenson to "sanitize" the impact of the prior offenses while still allowing the State to prove the charge.

After the mistrial, the case was assigned to a second judge. Pretrial motions resulted in the second judge adopting the first judge's ruling on the stipulation procedure. However, at the beginning of jury selection for the second trial, the judge chose to read the information to the prospective jurors. This

resulted in the jurors learning that Mortenson was charged with DUI, accompanied by a statutory reference to RCW 46.61.5055, and that he was alleged to have four prior offenses that constituted violations of RCW 46.61.5055. In this way, the judge inadvertently informed the jurors of Mortenson's prior DUI conviction history, notwithstanding the previous efforts of counsel and the court to keep this knowledge from the jury.

At the next break in the proceedings, while the prospective jurors were out of the court room, Mortenson requested that the present prospective jurors be replaced with a new venire. The trial court denied his request for relief and took no action designed to address the problem created for Mortenson and his counsel by the inadvertent disclosure of Mortenson's DUI conviction history to the prospective jurors. Believing that Mortenson was entitled to a remedy and, on the DUI charge, was prejudiced by the absence of a remedy, we reverse that conviction. Finding that the error did not prejudice Mortenson on the attempting to elude charge, and that sufficient evidence was admitted in support of the jury's verdict on that count, we affirm that conviction.

I

On August 21, 2010, at approximately 2:00 a.m., Mortenson was driving a Ford Thunderbird after an evening at a bar in Milton. Mortenson had two passengers in his vehicle—Catherine Lowrey and John Underdown. At that same time, Deputy Jeffrey Petrenchak was on patrol on Military Road South in King County, driving a marked sheriff's department vehicle. Deputy Petrenchak observed a Ford Thunderbird driving northbound at 65 miles per hour on a

stretch of road with a posted speed limit of 45 miles per hour. Deputy Petrenchak pulled onto the shoulder and activated his lights. The Thunderbird, however, did not stop or slow down.

Deputy Petrenchak made a u-turn and accelerated to 75 miles per hour in order to catch up to the vehicle. The deputy activated his siren, but the vehicle still did not stop. The vehicle turned left onto South 342nd Street. As Deputy Petrenchak pursued the vehicle, he observed the vehicle cross the center line and the fog line a number of times. The deputy testified that, "He appeared to be driving erratically to me." Lowrey, in a statement to officers following the incident, also described Mortenson's driving as "erratic."

The Thunderbird proceeded to make five more turns as it travelled through a residential area. During this time, Lowrey told Mortenson to stop, but he did not do so. After driving for over a mile with the police vehicle pursuing him, Mortenson finally came to a stop. Mortenson did not pull to the side of the road, however, but, instead, "pulled into the oncoming lane and stopped at about a 45 degree angle."

Because the vehicle had failed to stop for a mile and a half, and because he could see two passengers in the vehicle, Deputy Petrenchak approached the Thunderbird with his weapon drawn. The deputy demanded that the driver show his hands. Instead of showing his hands, Mortenson exited the vehicle and "started kind of stumbling and staggering back towards [the] patrol car." Deputy Petrenchak repeatedly yelled at Mortenson to get on the ground, but Mortenson did not do so. During this time, Deputy Petrenchak observed that Mortenson was

"uneasy on his feet," slurring his speech, and smelled strongly of intoxicants.

Mortenson crossed in front of the patrol vehicle and stumbled eastbound, with his back toward the deputy. When Mortenson turned around, the deputy fired his Taser. The Taser probes failed to penetrate Mortenson's clothing, and Mortenson again turned away from the deputy. Deputy Petrenchak fired his Taser a second time, this time causing Mortenson to fall face first to the ground. Deputy Petrenchak ordered Mortenson to show his hands, but he would not comply until the deputy activated his Taser once more. The deputy then placed Mortenson under arrest.

The State charged Mortenson with felony DUI,[1] attempting to elude a

---

[1] (1) A person is guilty of driving while under the influence of intoxicating liquor, marijuana, or any drug if the person drives a vehicle within this state:

(a) And the person has, within two hours after driving, an alcohol concentration of 0.08 or higher as shown by analysis of the person's breath or blood made under RCW 46.61.506; or

(b) The person has, within two hours after driving, a THC concentration of 5.00 or higher as shown by analysis of the person's blood made under RCW 46.61.506; or

(c) While the person is under the influence of or affected by intoxicating liquor, marijuana, or any drug; or

(d) While the person is under the combined influence of or affected by intoxicating liquor, marijuana, and any drug.

. . .

(6) It is a class C felony punishable under chapter 9.94A RCW, or chapter 13.40 RCW if the person is a juvenile, if:

(a) The person has four or more prior offenses within ten years as defined in RCW 46.61.5055; or

(b) The person has ever previously been convicted of:

(i) Vehicular homicide while under the influence of intoxicating liquor or any drug, RCW 46.61.520(1)(a);

(ii) Vehicular assault while under the influence of intoxicating liquor or any drug, RCW 46.61.522(1)(b);

(iii) An out-of-state offense comparable to the offense specified in (b)(i) or (ii) of this subsection; or

(iv) A violation of this subsection (6) or RCW 46.61.504(6).

RCW 46.61.502.

pursuing police vehicle,[2] driving while license suspended/revoked in the second degree,[3] and tampering with a witness.[4] Mortenson pleaded guilty to driving while license suspended, and the State dismissed the charge of tampering with a witness.

Mortenson's initial trial proceeded before Judge Brian Gain. During that trial, two witnesses testified to evidence that the court had previously excluded. This caused Judge Gain to declare a mistrial.

Mortenson's case was reassigned to Judge Lori Smith. Before trial, in a repeat of a procedure that had been worked out as the result of several rulings made by Judge Gain, Mortenson stipulated to the fact that he had four prior convictions "pursuant to RCW 46.61.5055" (the statute defining DUI convictions and controlling DUI sentencing). This was done to avoid having the jury hear

---

[2] Any driver of a motor vehicle who willfully fails or refuses to immediately bring his or her vehicle to a stop and who drives his or her vehicle in a reckless manner while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a class C felony. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such a signal shall be in uniform and the vehicle shall be equipped with lights and sirens.
RCW 46.61.024(1).

[3] It is unlawful for any person to drive a motor vehicle in this state while that person is in a suspended or revoked status or when his or her privilege to drive is suspended or revoked in this or any other state.
RCW 46.20.342(1).

[4] A person is guilty of tampering with a witness if he or she attempts to induce a witness or person he or she has reason to believe is about to be called as a witness in any official proceeding or a person whom he or she has reason to believe may have information relevant to a criminal investigation or the abuse or neglect of a minor child to:
    (a) Testify falsely or, without right or privilege to do so, to withhold any testimony; or
    (b) Absent himself or herself from such proceedings; or
    (c) Withhold from a law enforcement agency information which he or she has relevant to a criminal investigation or the abuse or neglect of a minor child to the agency.
RCW 9A.72.120(1).

-5-

evidence that Mortenson had been convicted of DUI four times in the past ten years. At the commencement of jury selection, Judge Smith chose to read the information to the jury pool. The information, as read to the potential jurors, stated:

> The defendant, Chris Robert Mortenson, in King County, Washington, on or about August 21, 2010, drove a vehicle within this State while under the influence or affected by intoxicating liquor or any drug while under the combined influence of or affected by intoxicating liquor and any drug, having at least four prior offenses as defined under RCW 46.61.5055(14)(a) within 10 years of the arrest for the current offense contrary to RCW 46.61.502 and RCW 46.61.5055 and against the peace and dignity of the State of Washington.

Before the parties began questioning the panel, Mortenson moved for a new venire. The judge denied the motion.

During voir dire, juror 31 stated before the entire panel that she would have trouble being impartial because "I just heard prior that the defendant had four prior convictions or something such as that that someone said."[5] Mortenson did not object, but noted later for the record that "our point was illustrated by Juror No. 31 who was aware of four prior DUIs."

During the presentation of the evidence, the following stipulation was read to the jury:

> The Defendant, Chris Robert Mortenson, and the State of Washington stipulate and have agreed that certain facts are true. You must accept as true the following facts:

---

[5] Juror 31 was dismissed for cause, along with five other panel members who stated that they could not be impartial in a DUI case. Two additional jurors were dismissed for cause because they stated that they could not be fair in any case involving alcohol. Three jurors were dismissed for cause due to reasons unrelated to the specific offenses charged.

As to Count II:

(3) That at the time of the arrest, the defendant had been previously convicted of four or more prior offenses within ten years pursuant to RCW 46.61.5055.

At the close of the evidence, the trial court gave the following instruction to the jury:

Certain evidence has been admitted in this case for only a limited purpose. This evidence consists of the stipulation, that at the time of the arrest in this case, the defendant had been previously convicted of four offenses within ten years as defined by RCW 46.61.5055(14)(a) and this evidence has been admitted only to establish element (3) of the offense of felony driving under the influence as charged in Count II.
The jury is not to speculate as to the nature of the prior convictions.
You may not consider this evidence for any other purpose.
You must not consider this evidence for the purpose of judging whether the defendant was operating a motor vehicle while under the influence of, or affected by, an intoxicating liquor in this incident.
Any discussion of the evidence during your deliberations must be consistent with this limitation.

Jury Instruction 5.

Mortenson was convicted by the jury of felony DUI and attempting to elude a pursuing police vehicle. The trial court sentenced Mortenson to 29 months on the charge of attempting to elude and 60 months on the charge of felony DUI, to run concurrently, plus 12 months of community custody.

Mortenson appeals.

II

Mortenson contends that the trial court erred by denying his request for a new venire. This is so, he asserts, because he was prejudiced by the court's

-7-

action in inadvertently connecting—by statutory reference—his stipulation to prior convictions and the DUI charge in this case. We agree.

A trial court's denial of a request for a new venire is akin to a denial of a motion for a mistrial.[6] State v. Young, 129 Wn. App. 468, 472-73, 119 P.3d 870 (2005). This court reviews the denial of a motion for a mistrial for an abuse of discretion. Young, 129 Wn. App. at 473. "A trial court's denial of a motion for mistrial 'will be overturned only when there is a substantial likelihood the prejudice affected the jury's verdict.'" Young, 129 Wn. App. at 472-73 (internal quotation marks omitted) (quoting State v. Greiff, 141 Wn.2d 910, 921, 10 P.3d 390 (2000)).

A

Our decision today is guided by our opinion in Young. In that case, Young stipulated prior to trial that he had previously been convicted of a "serious offense," which was an element of unlawful possession of a firearm. Young, 129 Wn. App. at 474. During voir dire, however, the judge told the jury that Young had previously been convicted "'of a serious offense . . . to wit: Second Degree Assault.'" Young, 129 Wn. App. at 471 (alteration in original). After the jury was excused, Young requested a mistrial, which the trial court denied. Young, 129 Wn. App. at 471. We overturned Young's conviction, holding that the motion for a mistrial should have been granted. Young, 129 Wn. App. at 479.

In assessing whether the trial court's improper comment affected the jury's

---

[6] Unlike the stage in the proceeding when a motion for a mistrial is typically made, however, jeopardy had not yet attached when Mortenson requested a new venire. Thus, the trial court had broad discretion to fashion a remedy.

verdict, we analyzed the following three factors: "(1) the seriousness of the irregularity; (2) whether it involved cumulative evidence; and (3) whether the trial court properly instructed the jury to disregard it." Young, 129 Wn. App. at 473.

Analyzing the first factor, we stated that "[w]hen the sole purpose of the evidence is to prove the element of the prior conviction, revealing a defendant's prior offense is prejudicial in that it raises the risk that the verdict will be improperly based on considerations of the defendant's propensity to commit the crime charged." Young, 129 Wn. App. at 475 (citing Old Chief v. United States, 519 U.S. 172, 174, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997); State v. Johnson, 90 Wn. App. 54, 63, 950 P.2d 981 (1998)). Accordingly, we held that the trial court's revelation of Young's prior assault conviction was "inherently prejudicial" and constituted a serious irregularity. Young, 129 Wn. App. at 476.

Here, the trial court told the jury that Mortenson had "at least four prior offenses as defined under RCW 46.61.5055(14)(a) within 10 years of the arrest for the current offense." The trial court also told the jury that the present charge was that Mortenson "drove a vehicle within this State while under the influence or affected by intoxicating liquor or any drug while under the combined influence of or affected by intoxicating liquor and any drug, . . . contrary to RCW 46.61.502 and RCW 46.61.5055 and against the peace and dignity of the State of Washington." The trial court's mention of RCW 46.61.5055 with respect to both the current offense and the prior offenses informed the jury that Mortenson had been convicted of DUI on four prior occasions within the last ten years. As in Young, this revelation was inherently prejudicial. Indeed, given that it involves

- 9 -

four prior convictions for the identical crime charged herein, the error here is likely more prejudicial than the error in Young, which involved one prior conviction for a related offense.

The State contends that it was unlikely that the jurors recognized the significance of the statutory citation or concluded therefrom that Mortenson had four prior DUI convictions. The State's assertion is belied by the fact that juror 31 *did* make this connection. Juror 31 stated, in front of the entire panel, that she "just heard prior that the defendant had four prior convictions." Had any other jurors not initially made the connection between the two references to the same statute, they certainly did after juror 31 announced it to them. Thus, the trial court's disclosure that Mortenson had four prior DUI convictions was a serious irregularity.

Analyzing the second factor, whether the irregularity presented cumulative evidence, the Young court held that because "there was nothing else that disclosed to the jury the nature of the prior offense, either at the time of the trial irregularity or thereafter[,]" the trial court's revelation did not present cumulative evidence.[7] 129 Wn. App. at 476. Here, although Mortenson stipulated to the fact that he had four prior predicate convictions, he purposely was allowed to not refer to them as DUI convictions, but, rather, to only refer to them by statutory reference. This was in an effort to "sanitize" the convictions, a proper ruling made by Judge Gain and adopted by Judge Smith. See Old Chief, 519 U.S. at

_____

[7] Where the irregularity presents cumulative evidence, the necessity of declaring a mistrial is diminished. State v. Garcia, 177 Wn. App. 769, 781, 313 P.3d 422 (2013), review denied, ___ P.3d ___ (Wash. Mar. 5, 2014).

186.

Moreover, the trial court's statement did not constitute the presentation of cumulative evidence because the trial court's disclosure—although stated to the jurors—was not evidence. Ordinarily, the jury may not discount statements made by the trial court. Cf. State v. Gamble, 168 Wn.2d 161, 178, 225 P.3d 973 (2010) (jury presumed to follow court's instructions). While the jury is told to weigh evidence and discount it if it chooses, the jury is *not* told to weigh statements from the judge. Jurors are told to accept instruction from the court "regardless of what you personally believe the law is or what you personally think it should be." 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 1.02, at 13 (3d ed. 2008). Thus, for both reasons, the irregularity did not present cumulative *evidence* of Mortenson's prior convictions. This factor also weighs in his favor on appeal.

The third factor considered in Young was whether the trial court properly instructed the jury to disregard the comment. In Young, the trial court gave no curative instructions. 129 Wn. App. at 477. Rather, the trial court told the jury that "'the Information in this case is only an accusation against the defendants which informs them of the charges. You are not to consider the filing of the Information or its contents as proof of the crimes charged.'" Young, 129 Wn. App. at 476-77. We held that this instruction was inadequate to cure the error: "[A]n instruction that fails to expressly direct the jury to disregard evidence, particularly where, as here, the instruction does not directly address the specific evidence at issue, cannot logically be said to remove the prejudicial impression

created by revelation of identical other acts." Young, 129 Wn. App. at 477.

Here, the trial court offered the following instruction at the close of trial:

> Certain evidence has been admitted in this case for only a limited purpose. This evidence consists of the stipulation, that at the time of the arrest in this case, the defendant had been previously convicted of four offenses within ten years as defined by RCW 46.61.5055(14)(a) and this evidence has been admitted only to establish element (3) of the offense of felony driving under the influence as charged in Count II.
> The jury is not to speculate as to the nature of the prior convictions.
> You may not consider this evidence for any other purpose.
> You must not consider this evidence for the purpose of judging whether the defendant was operating a motor vehicle while under the influence of, or affected by, an intoxicating liquor in this incident.

Jury Instruction 5. However, the trial court—during voir dire—gave no contemporaneous instruction to disregard the court's own comment. Thus, "the jury venire was left with the knowledge that" Mortenson had been previously convicted of DUI on four previous occasions, "before it even heard the State's case." Young, 129 Wn. App. at 477. Moreover, the instruction given was aimed at the stipulation itself—not at the trial court's comment during voir dire. This is so because the instruction given referred to "evidence" and specifically referenced the stipulation. The court's statement during voir dire was not "evidence," but the stipulation was. Thus, a careful juror would *not* understand the instruction to apply to the court's statement during voir dire. The trial court did not effectively instruct the jury to disregard the disclosure it made during voir dire. The prejudice to Mortenson was never cured.

As in Young, all three factors weigh in Mortenson's favor. This case is not

distinguishable from Young such that a different result is compelled. The trial court erred by not granting Mortenson's request for relief.

B

When a trial court makes an improper comment during venire, that irregularity is subject to harmless error analysis. Young, 129 Wn. App. at 478. "'A harmless error is an error which is *trivial,* or *formal,* or *merely academic,* and was not prejudicial to the substantial rights of the party assigning it, and *in no way affected the final outcome of the case.*'" State v. Wanrow, 88 Wn.2d 221, 237, 559 P.2d 548 (1977) (quoting State v. Golladay, 78 Wn.2d 121, 139, 470 P.2d 191 (1970)). The error here was not harmless with respect to the felony DUI conviction.

With regard to the felony DUI charge, the prejudicial effect of the trial court's comment was that the jury might infer that because Mortenson had been convicted of four prior DUIs, he had a propensity for driving while intoxicated and acted in a manner consistent with that propensity on the date charged.

> When the sole purpose of the evidence is to prove the element of the prior conviction, revealing a defendant's prior offense is prejudicial in that it raises the risk that the verdict will be improperly based on considerations of the defendant's propensity to commit the crime charged. This risk is especially great when the prior offense is similar to the current charged offense.

Young, 129 Wn. App. at 475 (footnote omitted).

Here, the prior offenses were not just similar to the current charged offense—they were identical to the current offense. This is exactly the type of

- 13 -

evidence that Evidence Rule 404[8] normally seeks to exclude. Moreover, there was not just one prior offense introduced by the court, as in Young; rather, there were *four*. In light of these factors, there is a substantial likelihood that the comment affected the outcome at trial. The error committed by the trial court was not harmless with respect to the felony DUI charge. Accordingly, we reverse Mortenson's conviction for felony DUI.[9]

III

A

Mortenson next contends that his conviction for attempting to elude should be overturned because it was not supported by sufficient evidence. This is so, he asserts, because the State failed to prove that he drove in a reckless manner. We disagree.

When reviewing a sufficiency of the evidence challenge, "'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime *beyond a reasonable doubt.*'" State v. Green, 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). When the sufficiency of the evidence is challenged in a criminal case, all reasonable inferences from the evidence must be drawn in

---

[8] "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." ER 404(b).

[9] While this appeal was pending, the parties filed a joint motion to strike the term of community custody from Mortenson's felony DUI sentence. Because we reverse Mortenson's felony DUI conviction, the parties' motion is moot and we decline to address it. We also choose not to address Mortenson's other assignments of error arising out of his DUI conviction.

favor of the State. State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom. Salinas, 119 Wn.2d at 201. "Deference must be given to the trier of fact who resolves conflicting testimony and evaluates the credibility of witnesses and persuasiveness of material evidence." State v. Carver, 113 Wn.2d 591, 604, 781 P.2d 1308, 789 P.2d 306 (1989).

In order for an individual to be found guilty of attempting to elude a pursuing police vehicle, the State must prove that he or she "willfully fail[ed] or refuse[d] to immediately bring his or her vehicle to a stop and [drove] his or her vehicle in a reckless manner while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop." RCW 46.61.024. "'[I]n a reckless manner'" is defined as "'in a rash or heedless manner, indifferent to the consequences.'" State v. Roggenkamp, 153 Wn.2d 614, 622, 106 P.3d 196 (2005) (defining "reckless manner" as used in RCW 46.61.520 and 46.61.522) (quoting State v. Bowman, 57 Wn.2d 266, 270-71, 356 P.2d 999 (1960)); State v. Ridgley, 141 Wn. App. 771, 781, 174 P.3d 105 (2007) ("[T]he 'reckless manner' standard of RCW 46.61.024 at issue here takes the same meaning as the 'reckless manner' standard of RCW 46.61.520 (vehicular homicide) and RCW 46.61.522 (vehicular assault).").

Here, the evidence sufficiently supports the jury's finding that Mortenson drove in a reckless manner. When Deputy Petrenchak first saw Mortenson, he was driving 20 miles per hour over the speed limit. Deputy Petrenchak described

Mortenson's driving as erratic, and testified that Mortenson crossed both the center line and the fog line multiple times. Lowrey, who was a passenger in Mortenson's vehicle at the time of the incident, also described Mortenson's driving as "erratic." When Mortenson finally stopped the vehicle, he pulled into the oncoming lane at a 45 degree angle. From these facts, a rational juror could find that Mortenson drove in a reckless manner. Therefore, the conviction for attempting to elude a pursuing police vehicle is supported by sufficient evidence.

Nevertheless, Mortenson contends that he was not driving in a reckless manner because he did not endanger other drivers or pedestrians. Mortenson's contention was expressly rejected by this court in State v. Whitcomb, 51 Wn. App. 322, 753 P.2d 565 (1988). In that case, the trial court held that the State had presented insufficient evidence that the defendant drove with "wanton or willful disregard," because "no pedestrians or other vehicles were present." Whitcomb, 51 Wn. App. at 327. This court overturned the trial court's ruling because the trial court had misinterpreted the attempting to elude a pursuing police vehicle statute. Whitcomb, 51 Wn. App. at 327. We held that in order to prove that an individual attempted to elude a pursuing police vehicle, "[t]he State need not prove that anyone else was endangered by the defendant's conduct, or that a high probability of harm actually existed. Rather, the State need only show that the defendant engaged in certain conduct, from which a particular disposition or mental state . . . may be inferred."[10] Whitcomb, 51 Wn. App. at 327. Because

---

[10] Whitcomb was construing a prior version of the attempting to elude statute, which incorporated a "willful or wanton disregard" mens rea requirement. Nonetheless, Whitcomb's

actual endangerment of others is not an element of attempting to elude a pursuing police vehicle, Mortenson's contention lacks merit.

B

The final question presented is whether the trial court's error in revealing that Mortenson had four prior DUI convictions was harmless with respect to the attempting to elude charge. As previously stated, "'A harmless error is an error which is *trivial*, or *formal*, or *merely academic*, and was not prejudicial to the substantial rights of the party assigning it, and *in no way affected the final outcome of the case*.'" Wanrow, 88 Wn.2d at 237 (quoting Golladay, 78 Wn.2d at 139). Here, the error committed by the trial court did not affect the outcome of the attempting to elude charge. The trial court informed the potential jurors only about Mortenson's DUI convictions; it did not inform them about any prior convictions for attempting to elude or reckless driving. In other words, the trial court's error revealed prior convictions for an unrelated crime, which did not speak to any of the elements of the attempting to elude charge. Thus, Mortenson's four DUI convictions did not demonstrate a propensity to elude police vehicles.

Additionally, with respect to the attempting to elude charge, the trial court's revelation of Mortenson's four prior DUI convictions was no more prejudicial than the stipulation itself. The stipulation informed the jury that Mortenson "had been previously convicted of four or more prior offenses," without revealing what those

---

holding still applies because "in a reckless manner" is a *lesser* mens rea requirement than "willful or wanton disregard." Ridgley, 141 Wn. App. at 781.

- 17 -

offenses were. Had the trial court not read the information to the jury, it would still have learned that Mortenson had four prior criminal convictions. The specific nature of the convictions created no additional inferences relevant to the attempting to elude charge. Thus, the trial court's error in disclosing the prior DUI convictions to the potential jurors was harmless with respect to this charge. Accordingly, we affirm Mortenson's conviction for attempting to elude a pursuing police vehicle.

C

Mortenson's felony DUI conviction was counted in his offender score for sentencing on the conviction for attempting to elude a pursuing police vehicle. Thus, Mortenson must be resentenced on the attempting to elude conviction following the disposition of the felony DUI charge on remand.[11] Accordingly, we remand the count of attempting to elude a pursuing police vehicle for resentencing and the count of felony DUI for further proceedings consistent with this opinion.

Affirmed in part, reversed in part.

We concur:

---

[11] We do not address Mortenson's assignments of error to his offender score calculation. The trial court will need to calculate the score on remand based on evidence presented at that hearing. RCW 9.94A.525(1); State v. Collicott, 118 Wn.2d 649, 665, 827 P.2d 263 (1992).